IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLENN ROYCE FAVRE, | § | CASE NO. 08-85264-mhm |
| | § | |
| Debtor. | § | Discharged; Closed Case |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE, | § | |
| | § | |
| Claimant/Plaintiff, | § | HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | ADVERSARY PROCEEDING |
| | § | |
| OLD REPUBLIC NATIONAL TITLE, | § | NO. 09-9075 |
| | § | |
| Defendant. | § | |
| | § | |

## OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS ADVERSARY PROCEEDING FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY (hereinafter, "Old Republic"), by and through its undersigned counsel, by special limited appearance and preserving all defenses, and files this Memorandum of Law in Support of its Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted (hereinafter, the "Motion to Dismiss" or, alternatively, the "Motion"), respectfully showing this honorable Court the following:

## PRELIMINARY STATEMENT

Old Republic, by special limited appearance, seeks dismissal of the Adversary Complaint. Old Republic, through counsel, submits that the Court should dismiss this adversary action on the grounds, *inter alia*, that (i) Mr. Favre has failed to properly serve Old Republic with Summons and a copy of the Complaint as required by FED. R. CIV. P. 4 and FED. R. BANKR. P. 7004; (ii) the Court has no personal jurisdiction over Old Republic; (iii) the Court lacks subject matter jurisdiction over the claim(s) at issue in this adversary proceeding; and (iv) the Adversary Complaint fails to state any claim whatsoever against Old Republic upon which relief can be granted.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Upon information and belief, this Court is familiar with the facts relevant to Old Republic's Motion, as these facts have been set forth previously in numerous motions and briefs filed in the underlying (now closed and discharged) Chapter 7 Bankruptcy Case filed by the Plaintiff on or about December 9, 2008. [*In re: Glenn Royce Favre*; Case No. 08-85264 (Bankr. N.D. Ga. April 7, 2009) (hereinafter, the "Bankruptcy Case")]. In the interest of judicial economy and the Court's time and

resources, Old Republic, through counsel, submits the following pertinent facts and procedural history in support of its Motion for this honorable Court's consideration.[1]

This adversary proceeding apparently arises from Mr. Favre's attempt to rescind his mortgage loan. On or about February 12, 2004, Legacy Communities of Ellenwood Park, L.L.C. transferred the real property more commonly known as 6240 Lakeview Court, Rex, Clayton County, Georgia and the improvements located thereon (hereinafter, the "subject property" or, alternatively, the "Property"), to Glenn Favre (a/k/a Glenn Royce Favre, a/k/a Glenn R. Favre), the Claimant/Plaintiff in the above-captioned adversary proceeding (hereinafter, "Mr. Favre" or, alternatively, the "Plaintiff" or the "Debtor"), for value via a Warranty Deed of same date (hereinafter, the "Warranty Deed"). The Warranty Deed was filed and recorded on March 15, 2004 in Deed Book 7374, Page 152, Clayton County,

---

[1] For purposes of the instant Rule 12(b)(6) Motion, well-pleaded factual allegations of the Adversary Complaint must be accepted as true. FED. R. CIV. P. 12(b) and FED. R. BANKR. P. 7012(b). Old Republic, through counsel, summarizes the allegations relevant to the Motion to Dismiss in this section. However, the allegations, as summarized herein, are assumed to be true *solely* for purposes of this Motion, and their recitation herein should not be deemed to be an admission by Old Republic.

Georgia Records.[2] Mr. Favre obtained a purchase money loan from loan from SunTrust Mortgage, Inc. d/b/a Sun America Mortgage Corporation (hereinafter, "SunTrust Mortgage") in the amount of One Hundred Nineteen Thousand Six Hundred Dollars ($119,600.00) (hereinafter, the "financing transaction" or, alternatively, the "Loan"). *Please see* Debtor's Voluntary Petition [Bankr. Docket No. 1], Schedule A – Real Property, Schedule C – Property Claimed as Exempt, Schedule D – Creditors Holding Secured Claims, and Chapter 7 Individual Debtor's Statement of Intention.

To evidence this financing transaction, Mr. Favre executed and delivered to SunTrust Mortgage an Adjustable Rate Note, dated February 12, 2004, in the original principal amount of One Hundred Nineteen Thousand Six Hundred Dollars ($119,600.00) (hereinafter, the "Note").[3] Mr. Favre also executed and delivered a Security Deed, dated February 12, 2004, conveying the Property to Mortgage

---

[2] A court may take judicial notice of public records in considering a motion to dismiss. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999), *rev'd and remanded on other grounds* Bryant v. Dupre, 252 F.3d 1161 (11th Cir. 2001). *See also* Stahl v. U.S. Dep't of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

[3] Mr. Favre was represented at the closing on February 12, 2004 by Loretta Favre, acting under Limited Power of Attorney, as Mr. Favre's attorney in fact for the financing transaction. This Limited Power of Attorney was filed and recorded on March 15, 2004 in Deed Book 7374, Pages 153-154, Clayton County, Georgia Records.

Electronic Registration Systems, Inc. ("MERS"), acting solely as Nominee for the Lender [SunTrust Mortgage] to secure repayment of the Loan (hereinafter, the "Security Deed"). The Security Deed was filed and recorded on March 15, 2004 in Deed Book 7374, Pages 155-177, Clayton County, Georgia Records.

Also in connection with the financing transaction, Old Republic issued the Lender [SunTrust Mortgage] a policy of insurance on the title to the Property (hereinafter, the "Lender's Policy"). Old Republic also issued the Borrower [Mr. Favre] a policy of insurance on the title to the subject property (hereinafter, the "Owner's Policy").

Upon information and belief, the Note and Security Deed were subsequently transferred and assigned to The Bank of New York Mellon, and the Loan is/was being serviced by America's Servicing Company. *Please see* Debtor's Voluntary Petition, *supra.*, Schedule D – Creditors Holding Secured Claims, and Chapter 7 Individual Debtor's Statement of Intention. Although Mr. Favre reaffirmed the debt owed and secured by the Property (Id.), he subsequently defaulted on the Loan and, upon information and belief, the Property was in the process of foreclosure and may, in fact, have been foreclosed.

Mr. Favre filed the instant adversary proceeding in the *closed* Bankruptcy Case on October 14, 2009.[4]

## ARGUMENT AND SUPPORTING AUTHORITY

Initially, Old Republic submits that Mr. Favre lacks standing to raise the claims asserted in this adversary proceeding given the close of his Chapter 7 Bankruptcy Case, the closing of the bankruptcy estate, and Mr. Favre's discharge on April 7, 2009.

Notwithstanding the foregoing, the Adversary Complaint sets forth, in addition to a vague claim for rescission, a series of incomprehensible allegations and assertions against Old Republic for conspiracy, fraud, and for violations of, *inter alia*, the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"); Regulation Z, 12 C.F.R. §§ 226.1 *et seq.* ("Reg. Z"); and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"). Mr. Favre, who is appearing *pro se*, also seeks to recover actual and statutory damages, damages for his purported pain and suffering, attorney fees, and court costs pursuant to the named Defendant's alleged violation(s).

---

[4] This case is one of *nine (9)* adversary proceedings filed by Mr. Favre *after* the close of the Bankruptcy Case, the closing of the bankruptcy estate, and the Debtor's discharge on April 7, 2009. *Please see* Order Discharging the Debtor [Mr. Favre] and Closing the Estate, entered April 7, 2009 (hereinafter, the "Discharge Order"). [Bankr. Docket No. 30]. Seven (7) of these adversary proceedings, includng the matter at bar, were filed within a three (3)-day period.

Although Mr. Favre has failed to properly serve Old Republic in this adversary action and, thus, this matter is subject to dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and Federal Rules of Bankruptcy Procedure 7012(b)(2) and 7012(b)(5)[5], the Court does not need to reach that issue in its consideration of the present Motion. As shown below, Mr. Favre has failed to state any cause of action against Old Republic upon which relief may be granted. Accordingly, Old Republic submits that this Court should dismiss all claims raised by the Plaintiff against Old Republic in this adversary proceeding.

### A.  THE STANDARD FOR DISMISSAL.

Federal Rule of Civil Procedure 12(b)(6), made applicable in adversary proceedings by Federal of Bankruptcy Procedure 7012(b)(6), provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of facts in support of the claim(s) entitling the plaintiff to relief. Haines v. Kerner, 404 U.S. 519 (1975); Conley v. Gibson, 351 U.S. 41 (1957). "[The Court] accept[s] as true the allegations in Plaintiff's complaint, and construe[s] the facts in the light most favorable to the Plaintiff." Neal v. Fulton County Board of Eduction, 229 F.3d 1069, 1072 (11th Cir.

---

[5] Old Republic, through counsel, specifically reserves the right to raise the affirmative defense(s) of, *inter alia*, lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process at a later date.

2000) [Cit. omitted.]. As shown below, Old Republic owes no duty whatsoever to Mr. Favre arising from the financing transaction which is the subject of the instant adversary proceeding.

### B. THE ADVERSARY COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. BANKR. P. 7012(b)(6).

The Complaint in this adversary proceeding, on its face, fails to state a comprehensible claim against Old Republic upon which relief can be granted and, therefore, the Adversary Complaint should be dismissed. FED. R. CIV. P. 12(b)(6) and FED. R. BANKR. P. 7012(b)(6). It is appropriate to dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(6) if it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. 41, 45-46. *See also* Williams v. Alabama State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997) ("In deciding whether the complaint states a claim [the Court] accept[s] all well-pleaded facts in the complaint as true and draw[s] all inferences in the plaintiff's favor."); Miccosukee Tribe of Indians of Fla. v. So. Everglades Restoration Alliance, 304 F.3d 1076, 1084 (11th Cir. 2002) (Any ambiguities are construed in the plaintiff's favor.). Where, as here, a litigant is proceeding *pro se*, the Court must also be guided by the principle that a "document filed *pro se* is 'to be liberally construed,' ... , and 'a *pro se* complaint, however inartfully pleaded, must

8

be held to less stringent standards than formal pleadings drafted by lawyers.'" Erikson v. Pardus, 551 U.S. 89 (2007), *quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976); *see also* Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (Discussing that *pro se* filings are entitled to liberal construction). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." Farrell v. Time Service, Inc., 178 F. Supp. 2d 1295 (N.D. Ga. 2001) (Citations omitted).

Further, the Federal Rules of Civil Procedure and the Federal Rules of Bankrutpcy Procedure require that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) and FED. R. BANKR. P. 7008(a)(2). "[A] pleading [cannot] survive dismissal when it consist[s] of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1271 (11th Cir. 2004). While the complaint need not provide detailed factual allegations, it must give sufficient factual allegations "to raise a right to relief above the *speculative* level"; that is, the complaint must give "only enough facts to state a claim to relief that is *plausible on its face*." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007) (Emphasis added). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant

9

could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 556, n.3.

In the adversary action at bar, Mr. Favre has not set forth in the Complaint any specific *factual* allegation(s) with respect to alleged wrongdoing by Old Republic, nor can any construction of the Complaint support a cause of action against the named Defendant herein. Rather, the Adversary Complaint sets forth a series of vague claims, incomprehensible allegations, and assertions against, *inter alia*, Old Republic that, on its face, fails to state a claim under Twombly, *supra.*, and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Moreover, Mr. Favre is "confused" as to any duty owed him by Old Republic in defense of the pending foreclosure of the Property at issue in this adversary proceeding. Old Republic owes no duty to Mr. Favre in this regard. Obviously, such unsubstantiated allegations are insufficient to support a claim against Old Republic, and dismissal of the Complaint in the above-captioned adversary proceeding is both appropriate and warranted.

### C. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8 AND FED. R. BANKR. P. 7008.

Federal Rule of Civil Procedure 8 is applicable in adversary proceedings. FED. R. BANKR. P. 7008. As noted above (*please see* Section B, *supra.*), a complaint in an adversary proceeding must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) and FED. R.

BANKR. P. 7008(a)(2). Further, a pleading which sets forth a claim for relief must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends [...]." FED. R. CIV. P. 8(a)(1) and FED. R. BANKR. P. 7008(a)(1). Finally, a complaint must contain "a demand for judgment for the relief the the pleader seeks." FED. R. CIV. P. 8(a)(3) and FED. R. BANKR. P. 7008(a)(3).

While "[a]ny concise statement identifying the remedies and the parties against whom relief is sought" is sufficient to meet the requirements of Federal Rule of Civil Procedure 8, compliance with the rule is necessary. *See* Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993). The court in Goldsmith found that, notwithstanding the "wide latitude generally afforded pro se litigants", the plaintiff's complaint was insufficient to support a civil action where the pro se plaintiff failed to include a concise statement identifying the remedies and the parties against whom relief is sought. Id.

Notwithstanding Mr. Favre's failure to state a cognizable claim against Old Republic upon which relief can be granted (*see* Section B, *supra.*), the Complaint in the instant adversary action fails to set forth the grounds upon which this Court's jurisdiction depends. FED. R. CIV. P. 8(a)(1) and FED. R. BANKR. P. 7008(a)(1). Nor does the Adversary Complaint in this action identiy the remedy(ies) sought from Old Republic in comportment with Federal Rule of Civil Procedure 8(a)(3) and

11

Federal Rule of Bankruptcy Procedure 7008(a)(3). The Complaint herein further fails to demand judgment. FED. R. CIV. P. 8(a)(3) and FED. R. BANKR. P. 7008(a)(3). As such, the Adversary Complaint in the case at bar completely fails to meet the minimum requirements of a pleading. FED. R. CIV. P. 8 and FED. R. BANKR. P. 7008. Accordingly, the Complaint, and this adversary proceeding, should be dismissed.

    **D.**    **THE ADVERSARY COMPLAINT SHOULD BE DISMISSED UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(5), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 7012(b)(2) AND 7012(b)(5).**

Federal Rule of Civil Procedure Rule 4 and Federal Rule of Bankruptcy Procedure 4 set out the specific requirements for service of a summons and a copy of the complaint[6] upon a defendant. FED. R. CIV. P. 4(e) and FED. R. BANKR. P. 4(e). The serving party (Mr. Favre in the present adversary matter) bears the burden of proof with regard to its (his) validity or good cause for failure to effect timely service. Aetna Business Credit v. Universal Decor & Interior Design, 635 F.2d 434,

---

[6] Old Republic respectfully requests the Court take judicial notice of the fact, as noted previously, that purported Plaintiffs Bernice and Darryll Griffin, John A. Stokes and Dale Capelouto failed to sign the initial pleading in the adversary matter at bar in clear violation of Federal Rule of Civil Procedure 11, made applicable in adversary proceedings, and, as such, this Court has the ability to strike the Complaint in its entirety. FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper *must be signed ... by a party personally* if the party is unrepresented. The paper must state the signer's address, email address, and telephone number") (Emphasis added).

435 (5th Cir. 1981)[7]; Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 296 (N.D. Ga. 2008); *see also* Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

As stated in detail above, the Adversary Complaint in the case at bar fails to identify any purported relationship between any Old Republic related entity and the Plaintiff. Furthermore, no Old Republic entity was a party to the underlying Bankruptcy Case. Service of the Complaint in this adversary proceeding was purportedly mailed to Old Republic; however, Old Republic submits that Mr. Favre has failed to meet the burden incumbent upon him to properly serve Old Republic in the instant adversary action.

Where, as here, the plaintiff has failed to properly serve the defendant(s),[8] this Court lacks personal jurisdiction over Old Republic and this adversary proceeding is subject to dismissal. FED. R. CIV. P. 12(b)(2) and 12(b)(5), and FED. R. BANKR. P. 7012(b)(2) and 7012(b)(5). Given the fact that Mr. Favre has failed to properly serve the named Defendant in the matter at bar, Old Republic submits that the Adversary

---

[7] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[8] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

Complaint must be dismissed because this Court lacks personal jurisdiction over Old Republic and, as such, the Court is without the means by which to adjudicate the alleged claim(s) presented in the Complaint.

## CONCLUSION

The initial pleading filed in the instant litigation is both unintelligible and incomprehensible as well as, in many instances, nonsensical. Consequently, it is virtually impossible to discern from this pleading any violation(s) of law which could be deemed cognizable and which would warrant the equally vague remedies Mr. Favre apparently seeks. Old Republic, by and and through counsel and preserving all defenses, respectfully submits that the Complaint in this adversary proceeding fails to state any claim upon which relief can be granted and, accordingly, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b)(6).

For all the foregoing reasons, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY. respectfully requests that this Court grant its Motion to Dismiss and enter an Order dismissing all of Mr. Favre's claims against Old Republic with prejudice, casting all costs against Mr. Favre.

Respectfully submitted this 16th day of November, 2009.

        DICKENSON GILROY LLC

        /s/   Monica K. Gilroy
        MONICA K. GILROY
        Georgia Bar No. 427520
        **Attorney for Old Republic National Title Insurance Company**

Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *Old Republic National Title Insurance Company's's Memorandum of Law in Support of its Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted* in the above-captioned adversary proceeding with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record in this matter, and, further, that I have served the Plaintiff, appearing *pro se*, with a copy of this pleading by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

> Glenn Royce Favre
> 110 S. Columbia Drive #11
> Decatur, Georgia 30030

This 16th day of November, 2009.

/s/   Monica K. Gilroy
MONICA K. GILROY
(Georgia Bar No. 427520)
**Counsel for Old Republic National Title Insurance Company**

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com