IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLENN ROYCE FAVRE, | § | CASE NO. 08-85264-mhm |
| | § | |
| Debtor. | § | Discharged; Closed Case |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE, | § | |
| | § | |
| Claimant/Plaintiff, | § | HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | ADVERSARY PROCEEDING |
| | § | |
| OLD REPUBLIC NATIONAL TITLE, | § | NO. 09-9075 |
| | § | |
| Defendant. | § | |
| | § | |

## OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S
## OPPOSITION TO PLAINTIFF'S MOTIONS

COMES NOW, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY (hereinafter, "Old Republic"), by and through its undersigned counsel, by special limited appearance and preserving all defenses, and files this Opposition

to the Motion(s) filed by the Plaintiff[1] on November 18, 2009 [Doc. No. 7], November 19, 2009 [Doc No. 8], and December 9, 2009 [Doc. No. 9] (collectively, "Plaintiff's Motions"). These Motions must be denied because the initial pleading filed by the Plaintiff against Old Republic should be dismissed in its entirety for the reasons set forth in Old Republic's Motion to Dismiss. [Doc. No. 6].

## PRELIMINARY STATEMENT

The underlying facts and record evidence in the above-captioned adversary proceeding are contained in the pleadings and documents before this Court and, specifically, in Old Republic's Memorandum of Law in Support of its Motion to Dismiss (hereinafter, the "Motion to Dismiss Brief"). [Doc. No. 6]. In the interest of judicial economy and the Court's time and resources, those facts and legal arguments will not be repeated here and are incorporated herein by reference. Old Republic, through counsel, will address only those facts particularly relevant to its Opposition to Plaintiff's Motions and those legal arguments not previously

---

[1] Old Republic renews and restates its assertion that Plaintiff Glenn Royce Favre (a/k/a Glenn R. Favre) lacks standing to raise the claims averred in this adversary proceeding given the close of his Chapter 7 Bankruptcy Case, the closing of the bankruptcy estate, and Mr. Favre's discharge on April 7, 2009. *Please see* Old Republic's Memorandum of Law in Support of its "Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted" (hereinafter, "Old Republic's Motion to Dismiss" or, alternatively, the "Motion to Dismiss"), filed on November 16, 2009, at p. 6. [Doc. No. 6].

responded to in other legal memoranda. All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion to Dismiss Brief.

Initially, Old Republic, through counsel, submits that the mtions at issue here, as with all of the other pleadings filed by the Plaintiff in this adversary proceeding, are incoherent, unintelligible, incomprehensible, and totally meritless. It is impossible to determine the factual basis for any of the Plaintiff's claim(s) against Old Republic from the face of these pleadings, much less the legal elements supporting such claims and/or the legal and monetary remedies sought therein. To the extent Plaintiff's Motions seek relief against Old Republic, the motions are frivolous and intended merely for purposes of harassment. Notwithstanding the foregoing, acting solely out of an abundance of caution, Old Republic files this Opposition to Plaintiff's Motions, respectfully showing this honorable Court as follows:

## ARGUMENT

### A.   PLAINTIFF'S MOTIONS SHOULD BE DENIED BECAUSE THE ADVERSARY COMPLAINT SHOULD BE DISMISSED.

Contrary to the Plaintiff's bald assertions in the motions at issue, Old Republic timely filed a Motion to Dismiss the purported Adversary Complaint on November 16, 2009, demonstrating that the Court lacked subject matter jurisdiction over any adversary claims asserted by the Plaintiff against Old Republic and, furthermore,

that the Complaint was fatally deficient for, *inter alia*, failure to state a claim upon which relief can be granted, insufficient service of process and lack of personal jurisdiction. FED. R. BANKR. P. 7004, 7008, 7012, and 7041; FED. R. CIV. P. 4, 8, 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 41(b). As stated previously, Old Republic incorporates its Motion to Dismiss by reference. For all the reasons stated therein, Plaintiff's claims against Old Republic should be dismissed, Old Republic should be dismissed from the instant adversary proceeding, and Plaintiff's Motions should be denied in their entirety.

## B.    PLAINTIFF'S MOTIONS FAIL TO ASSERT A VALID CLAIM.

Plaintiff's Motions (specifically, Doc. No. 7) apparently seek relief against Old Repubic under the Fraud Enforcement and Recovery Act of 2009 ("FERA"). Unfortunately for the Plaintiff, the initial pleading filed in this adversary proceeding is devoid of any such claim, and Plaintiff's Motions must be denied. FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6). Similar to the previous pleadings filed in this adversary proceeding, the Plaintiff's convoluted and confusing recitation of purported "facts" supporting his FERA allegations in the motions at issue here fail to establish the requisite legal elements of any "plausible" claim against Old Republic, as contemplated by the Court's decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1959, 1964-65 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). Moreover, the Plaintiff has not demonstrated standing to pursue a claim

4

under FERA, pled any wrongdoing by Old Republic actionable under FERA, or alleged the elements of a claim under FERA.

Certainly, the Plaintiff has completely failed to satisfy the burden incumbent upon a movant for summary judgment under Federal Rule of Civil Procedure 56. Plaintiff's Motions do not set forth any cognizable claim, or coherent basis for relief, against Old Republic and, consequently, fail to comport with the requirements of a summary judgment motion. FED. R. BANKR. P. 7056 and FED. R. CIV. P. 56. Plaintiff's Motions must, therefore, be denied.

## C.   OLD REPUBLIC IS NOT IN DEFAULT.

Plaintiff asserts in his motions that Old Republic has not timely answered the purported complaint in this adversary proceeding. Plaintiff is incorrect. Old Republic is not in default. Rather, Old Republic timely responded to the intial pleading in this adversary proceeding and filed a Motion to Dismiss on November 16, 2009 [Doc. No. 6]. Old Republic is not liable to the Plaintiff, nor is Old Republic subject to the injunctive relief sought by the Plaintiff in the motions at issue here. Planitiff's Motions are baseless as to Old Republic and, accordingly, Plaintiff's Motions must be denied.

## D.   CONSOLIDATION OF THE ADVERSARY CASES IS UNWARRANTED.

To the extent the Plaintiff is seeking to consolidate certain adversary cases [Doc. No(s). 7 and 8], that relief must be denied. The two (2) properties at issue in the allegedly "related" adversary proceedings,[2] as well as the underlying financing transaction(s) and debt(s) secured by the respective real property(ies) [*i.e.,* the Georgia Property and the Florida Property], are separate and distinct. *Please see* Old Republic's Motion to Dismiss  [Doc. No. 6]; *please see also* SunTrust Mortgage, Inc.'s and SunTrust Banks, Inc.'s "Motion to Dismiss Adversary Complaint for Failure to State a Claim Upon Which Relief Can be Granted", filed on November 16, 2009 in Adversary Proceeding No. 09-9069 [Doc. No. 15]. The two (2) adversary cases are *not* related, and the claims averred therein should be treated *separately*.

## CONCLUSION

For the foregoing reasons, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, by and through its undersigned counsel, requests that the Court deny Plaintiff's Motions [Doc. No(s). 7, 8 and 9] and grant Old Republic's Motion to Dismiss.

---

[2] The property at issue in the instant adversary proceeding is more commonly known as 6240 Lakeview Court, Rex, Clayton County, Georgia (hereinafter, the "Georgia Property"). The property at issue in Adversary Proceeding No. 09-9069 [*Glenn Royce Favre, et al. v. SunTrust Banks Holdings, et al.* (Bankr. N.D. Ga.)] is more commonly known as 1914 East Columbus Avenue, Tampa, Hillsborough County, Florida (hereinafter, the "Florida Property").

This 28th day of December, 2009.

Respectfully submitted,

DICKENSON GILROY LLC


/s/   Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for Old Republic National
Title Insurance Company**

Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *Old Republic National Title Insurance Company's Opposition to Plaintiff's Motions* in the above-captioned adversary proceeding with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record in this matter, and, further, that I have served the Plaintiff, appearing *pro se*, with a copy of this pleading by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Glenn Royce Favre
110 S. Columbia Drive #11
Decatur, Georgia 30030

This 28th day of December, 2009.

/s/   Monica K. Gilroy
MONICA K. GILROY
(Georgia Bar No. 427520)
**Counsel for Old Republic National Title Insurance Company**

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

8